The District Court did not find below that this was a categorical crime of violence, and the reason why the District Court did not make that finding was because Section 111A is overbroad in terms of being a categorical crime of violence. This Court requires not just force in connection with a crime of violence, but violent force. That's from Ye and Lopez Montanez. Under Somerset, any force whatsoever can provide the basis for a Section 111A conviction. That's why 111A is overbroad. That's why it's not a categorical crime of violence. Now, I realize that you appealed this based on a conviction under 111A. Yes, sir. I looked to the documents involved and didn't find anything under 111A. It just said 111. Well, it's 111. It had felony underneath that, and so it is... Well, there are felonies, so says our court in Chapman. There are felonies not only in A, but B. We know it's not B because of the maximum penalty in that case. The maximum penalty at that time for a B violation was higher than the three years which he pled guilty to, so if you look at the totality of the record from 1996, and I think the government agrees with this, it was a 111A felony. Well, the reason I'm trying to make sure about that is that it seems to me, looking at Chapman, 111A is really two different charges, right? That's correct. 111A is a misdemeanor and a felony. Correct. And so 111A, based on being a misdemeanor and a felony, you're arguing it can't be a crime of violence categorically. Exactly. But if we just take 111, we've got three felonies. The court has already held that 111B is a categorical crime of violence. That's from the juvenile female case. Right. That's already been decided. The question as to whether 111A is a categorical crime of violence is an open question in this court. Well, the reason I ask the question is that I read through the documents and I couldn't find anything where it was only pled 111A. The information doesn't specifically say 111A, but it does say felony, and then the plea agreement with its maximum penalties show that it wasn't a 111B. Well, once I start into that, I'm not really talking about a categorical analysis. Exactly, Your Honor. I'm talking about modified categorical analysis. Exactly. And at that point, if I'm going to do a modified categorical analysis, I really ought to send that back to the district court, don't I? No. In light of de Compte's from the U.S. Supreme Court, and the government concedes this, if this is not a categorical crime of violence, that's the end of the analysis. Under de Compte's, you can only do that second-stage Taylor analysis if we have a divisible statute. We don't have such a divisible statute with 111A. Well, we don't with 111A, but we do with 111. 111B has... A has two in it, misdemeanor and felony. B has another felony. That's what we said in Chapman. That's a divisible statute. But 111A is not divisible in terms of an element requiring a certain level of force or certain act which would take that to being a crime of violence under this court's case law. And so that's why the government has agreed that this is not a divisible statute. So if this is not a categorical crime of violence, it's not a crime of violence, and that's our position. Well, it worries me that it is a divisible statute nonetheless, whether you and the government say it is or not, even with 111A. We've got two crimes with 111A. We've got a misdemeanor and a felony. That's correct. Doesn't that make it a divisible statute? With the misdemeanor, simple battery without a touching. Right. And then we have the 111A felony and assault with a touching. Yeah. And what we're talking about here is not whether the misdemeanor and felony are different. I believe what we're talking about is whether if a crime on its face is not categorically a crime of violence for a 111A felony, can the court look to additional facts to see if it's a 111A modified categorical crime of violence? And that's where we agree that that's something the court cannot do. Essentially, the government's argument is that 111A is a categorical crime of violence because it requires an assault. But as I tried to get across in my briefing, that's not enough given the language that this Court has used to define a 111A conviction. Can I ask this just about the language in Chapman? Sure. You said there that to constitute an assault for the purpose of 111A, the defendant's action has to be a willful attempt to inflict injury upon the person of another. It goes on to say or threaten, but for your client's purposes, a willful intent to inflict injury upon the person of another just sounds like violent force to me. So I just can't reconcile that language with your argument. Well, jury instruction 8.3 is what covers felony assault. And 8.3 includes the language Your Honor just talked about. But the first part of 8.3 says, and I'll quote, there is a forcible assault when one person intentionally strikes another. And before we even get to the assault language set forth in Chapman that Your Honor just mentioned, that language right there is so broad that I think we should just stop the analysis at that point. The Court has looked at other situations. The Grajeda case with the 245A1, California Penal Code, where someone has to actually intend to commit serious bodily or inflict serious bodily injury upon another person. The Lawrence case with the Washington statute, which required substantial bodily injury. Those are the situations where the language of the statute requires, at a minimum, force that's going to rise to the level of being violent force. But when we just talk about a forcible assault when one person intentionally strikes another, I mean, striking another can be. Just to be clear, the language in Chapman is not talking about just striking someone. It's striking someone in an attempt to inflict injury. That sounds to me like you've got to do something with enough force and violence to actually cause somebody harm. Chapman only looked at that portion of 8.3. And 8.3 has these in the disjunctive. There is a forcible assault when one person intentionally strikes another or willfully attempts to inflict injury on another or intentionally threatens another, blah, blah, blah. So it's not that you have to intentionally strike another with the intent to inflict injury. You just simply have to intentionally strike someone else under 8.3 of the Ninth Circuit model instructions. And so without even getting to the assault language from Chapman, which I agree is a slightly heightened level of intent and conduct on behalf of the defendant, we have a situation where you can intentionally strike another person under 111A. And an intentional strike could be something extremely violent, a punch to the face of a Border Patrol agent, or it could be something as minimal as someone at a TSA checkpoint not liking how they're being searched and knocking away the hand of a TSA officer. And so it's that broad language in 8.3, which is what the courts will instruct in assault cases, which takes this way beyond the world of violent force, which, of course, is required for this to be a categorical crime of violence. I have two minutes. May I keep that for rebuttal? Sure. Thank you. Good morning. May it please the Court. Jerry Benke for the United States. The government first wants to address the concerns the Court raised at the beginning of the argument concerning what Mr. Dominguez was actually convicted of. The Court is correct. The charging document simply states that he was convicted of Section 111. But when you go beyond that and look to specifically the plea agreement, as the defense pointed out, the maximum penalty stated was three years. And in addition, the elements that he admitted to were simply that he forcibly assaulted the Border Patrol agents. There was no mention in the elements that he admitted to that there was use of a deadly weapon or infliction of bodily injury, which are required for a B violation. That's why, moving forward on this appeal, the government agreed with the defense's argument that this is a 111A felony conviction. And by looking at those particular documents, did you do it a categorical analysis or a modified categorical analysis? Well, when you begin with the proposition that the defendant was merely convicted of 111, looking at the face of the information, you do have to engage in a modified analysis to determine which of the three crimes within 111 the defendant was convicted of. And if I do that, am I allowed under our precedent to do that without undertaking a modified categorical analysis? What? I believe that the court is permitted to do that in light of recent Supreme Court precedent. The Supreme Court has said that if a statute defines multiple different offenses, then you can engage in the modified categorical approach to determine which offense the defendant was convicted of. Why should I undertake that on appeal? Why not let that go back to the district court and let them do that first? Well, I don't have a good answer for that, Your Honor. I believe that when the- See, I thought your answer would be because there's no factual dispute. Well, there is no factual dispute. That's the only way I could get there.  We both agree. No, Your Honor. There is no factual dispute. But, you know, the district court did not engage in that. The district court didn't make a finding. But we are here making the argument because there is no factual dispute on that point. Okay. Now, that said, the issue then becomes, is a violation of Section 111A a categorical crime of violence? The government's position is that it is a categorical crime of violence because, as this Court clarified in Chapman, a conviction for that offense requires a forcible assault. But we used- Excuse me. Go ahead. You know what- I gather what he's arguing about is that he was kicking and fighting and resisting, but he wasn't trying to kill him. He wasn't trying to do damage. And that isn't what the statute requires, is it? Well, what the statute requires for a crime of violence, what the sentencing guidelines require, is merely the use, attempted use, or threatened use of physical force against the person of another. And certainly committing a forcible assault, as defined in Chapman, against a federal officer does meet that definition. However, we did say in Sariang Yi versus the INS that the force necessary to constitute the crime of violence must actually be violent in nature, didn't we? Yes, Your Honor. And in those cases, this Court was confronted with state statutes that did not have as an element the application of any physical force whatsoever. In Yi, this Court was dealing with a second-degree burglary conviction. I believe it was an automobile burglary, which merely requires the entry of a locked vehicle. The other case that this Court addressed that issue in involves sexual battery. The elements of sexual battery include merely unconsensual or offensive touching. There was no force required for a conviction under either one of those statutes. So are you suggesting then that I can find this crime of violence under 18 U.S.C. 16 without having a crime be violent in nature? No, that's not what I'm suggesting. What I'm suggesting is that a conviction to rise to the level of a crime of violence under Section 16 does require the use of violent force. This Court has made that clear. So how do I then, if that's the way I have to look at it, how am I going to square the spitting cases with where you want to go in this particular case? The spitting case. Spitting cases suggest that they're not crimes of violence, yet they were certainly charged in those cases with 18 U.S.C. 111A. So I didn't have to worry. It was A. And we said those are not crimes of violence. Well, the spitting case that's referenced in the brief came out of the first circuit. But even Somerset. Take that one. Even Somerset. That's our case. The bumping of any U.S.A. And the government's position is that that is an act of violent force. The defendant in that case. The picture I have, he's walking down the hallway and just kind of gives a little shoulder bump. I didn't read anything in the case that suggested it was anything more violent than that. The language from the case was that the defendant jolted the AUSA's left arm and left shoulder with, I believe it was the right side of his body. Like athletes do out on the field. You know, you just want to send a little message to someone. You kind of walk too close to them and you jolt them. But it's not the kind of force that would inflict some kind of injury on a person. That is an act of violent force. As compared to simply touching somebody in an unconsensual manner. You're actually applying physical force against the person in a violent way. I thought force, I thought what we said, that to constitute a crime of violence, the force has to be capable of causing physical pain or injury to the person that you're applying it to. And I just didn't get the impression that the kind of force that was used in Somerset rose to that level. Well, I mean, all we have is what's written in Somerset that the individual jolted the AUSA, but certainly that act could be capable of causing pain to the AUSA, depending on, you know, exactly what the circumstances were. And in Somerset, the defendant was convicted of 111A. And because it was a jolting of the shoulder, I don't think takes it out of the realm of a crime of violence. Well, certainly with the spitting case. It's not from our circuit, but it's still an interpretation of 111A. And again, the spitting case, while the court did indicate that the spitting was sufficient, it's also, I think, important to note that that language was dicta to some extent, because in that case it involved more than just spitting. The defendant spat in the officer's face and then knocked the officer down, causing a cut on the officer. Well, but even in United States v. Llewellyn, which is our case, 2007 case, it suggests that spitting is an assault. And then we have another case, which you don't have to cite to us, which I'm not sure I even need to follow, United States v. Stoddard, 2011 case, which says right in it, because it's a mem dispo, I'm not sure it's the law, but it says right in that that spitting on an officer is a felony assault, because it involves physical contact. So again, if I get to a felony in 111A, I don't know that it absolutely jumps out at me that that's a crime of violence. And that's what I've got to get if I'm on a categorical approach. Yes, Your Honor, you are correct. The government agrees that under a categorical approach, you do have to get to a point where any violation of 111A would be a crime of violence. Right. And what we're talking about under 111A is at a minimum attempting to inflict injury or threatening injury or actually forcibly striking another person. Those acts stand in stark contrast to the cases where this and other courts, including the Supreme Court,  Those other cases that have been held to be not crimes of violence only involve situations where the offense can be committed by offensive or unconsensual touching. In this particular case, much more than that is required. And I'm not aware of any cases where 111 has been held not to be a crime of violence, and 111 is distinguished because it requires a forcible assault, not merely an offensive or unconsensual touch. Can I ask you one question? I know you're going to be taking a little over your time, but I found somewhat persuasive the defendant's argument that, you know, in most of these cases when we're trying to use the catch-all clause at the end there, we're dealing with a crime that's not one of the specifically listed crimes. And here, the list includes aggravated assault. Why doesn't that just tell us right off the bat that the kinds of assaults that Congress and the drafters of the sentencing guidelines wanted to include is the kind of 111B assault, not the 111A version? Well, I think that has to do with the fact that not all crimes are necessarily defined the same in the title of the offense. You know, for instance. Right, but we know the difference between an assault and an aggravated assault. There's a big difference. And the kind of crime of violence when we're talking about assaults that these folks had in mind was the aggravated type. If they wanted to include the garden variety assault that we're dealing with here, why did they include the aggravated before the word assault in the list of specific crimes? Well, for the same reason that, well, Congress certainly made it clear that aggravated assault is a crime of violence. They then went further and included the catch-all language, and the catch-all language is quite broad as well. And by the same token, Congress could have included additional requirements in the catch-all language to require something beyond. But don't we read the catch-all as encompassing the level of violence that's comparable to what's in the specific list of crimes? Isn't that the whole purpose of it? It's supposed to say, look, we know these crimes for sure. We can't list every single crime that's out there, so we're going to give this catch-all version that is going to have a level of violence that's comparable to the crimes we specifically listed. That just seems to me to make common sense. And because we're not dealing with burglary or something that's not listed at all, we're dealing with, what do you call it, a lesser version of a crime that is specific. It just seems like this is an odd exercise for us to engage in. Well, again, Your Honor, there's nothing, there's no authority that says that if a crime could fit one of the enumerated crimes, then you're not permitted to use the catch-all provision. The crime of violence commentary defines crime of violence by specifically enumerating certain offenses and then including the catch-all provision. And what you have to look to is whether or not the crime at issue fits any one of those provisions. There's nothing that says in the commentary or the case law that I'm aware of that if an offense could meet the definition of illicit offense, then you're precluded from looking to the catch-all provision. I'm not saying you're precluded, but you're trying to then, if you're going to drop down to the catch-all, you're trying to find a crime that has the same level of violence as the closest match-up above. It just seems, anyway, I hear your position. You're over your time. Thank you. Thank you, Counselor. Did you want to give us some rebuttal argument? I think you reserved some time. Unless the Court has any questions, I'm prepared to submit. I have one question. If we agree with you on this, do we just not reach the other two issues? Yes, I agree, yes. That was my question, and he stole it. Thank you. Thank you very much, Your Honor. Case 13-52066, United States v. Dominguez-Mariocchi is submitted.
judges: Farris, Smith, Watford